**NATIONAL BRIQUETTE CORPORATION, Appellant–Plaintiff,**

v.

**STATE of Indiana, BOARD OF TAX COMMISSIONERS, Appellee–Defendant.**

**No. 56A03–9208–CV–240.**

Court of Appeals of Indiana, Third District.

Dec. 14, 1992.

Rehearing Denied Jan. 27, 1993.

Kenneth D. Reed, Abrahamson, Reed & Adley, Hammond, for appellant-plaintiff.

Linley E. Pearson, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for appellee-defendant.

HOFFMAN, Judge.

Appellant-plaintiff National Briquette Corporation (Taxpayer) appeals the decision of the trial court affirming the final determination of appellee-defendant State Board of Tax Commissioners (Board) regarding an assessment of business personal property.[1]

The facts relevant to the appeal disclose that Taxpayer manufactures a "briquette" used in the steel-making process. One of the minerals necessary to make the briquettes, fluorspar, comes from mines in various countries. During the relevant time period, Taxpayer, working through North American Minerals Corporation, a broker, placed an order with General Mining Company in South Africa for 15,000 tons of fluorspar. In order to avoid paying freight charges for empty cargo space, General Mining shipped an extra 5,471.105 tons of fluorspar which Taxpayer agreed to purchase on an "as needed" basis. All of the fluorspar went to Cy's Dock in East Chicago where Taxpayer would send trucks to pick up loads whenever its supply was low.

Due to an oversight, Taxpayer recorded the entire shipment of fluorspar on its books as inventory and reported same in Schedule B of its business tangible personal property return for March 1, 1982. On June 6, 1983, Taxpayer filed a Form 133 Petition for Correction of Error with the Board but never corrected its books. Taxpayer did, however, exclude the 5,471.105 tons of fluorspar from its 1983 and 1984 returns. After several review hearings, the Board issued findings adopting the recommendation of the hearing officer to assess the 5,471.105 tons of fluorspar to Taxpayer. Taxpayer appealed the Board's final assessment determination and moved to consolidate its three cases involving assessment dates March 1, 1982, March 1, 1983, and March 1, 1984. The trial court held a consolidated trial on June 26, 1991, and adopted the Board's proposed findings of fact and conclusions of law on December 18, 1991. On April 13, 1992, the court reaffirmed its judgment, and this appeal ensued.

■ Taxpayer claims the Board erred in its assessment determination because Taxpayer did not own, possess, or control the "extra" fluorspar.[2] IND.CODE § 6–1.1–2–4 sets forth liability for property tax as follows:

"(a) The owner of any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property.

(b) A person holding, possessing, controlling, or occupying any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property unless:

(1) he establishes that the property is being assessed and taxed in the name of the owner; or

(2) the owner is liable for the taxes under a contract with that person.

When a person other than the owner pays any property taxes as required by this section, that person may recover the amount paid from the owner, unless the parties have agreed to other terms in a contract."

Both the Board and the trial court found that Taxpayer had control over the "extra"

---

1. This Court would note that the effective date of IND.CODE § 33–3–5–1, the statute establishing the Indiana Tax Court, was July 1, 1986. Taxpayer filed its appeal prior to that date; therefore, this Court rather than the Tax Court has jurisdiction over the case.

2. On page 21 of its brief, Taxpayer makes the following statement: "It is doubtful that [Taxpayer] had any duty to report even that portion of the stockpile open-warehoused at Cy's Dock pursuant to [Taxpayer] projections communicated to North American Minerals; much less the 'extra' 5,000 tons." However, on pages 11 and 12, Taxpayer states that it "does not dispute that the non-excess balance of the fluorspar shipped into Cy's Dock was sufficiently tied to [Taxpayer] to support the assessment to [Taxpayer], as reported on the return."

fluorspar due to the following set of circumstances: (1) Taxpayer paid the monthly storage fee at Cy's Dock; (2) Taxpayer removed fluorspar from the dock whenever it needed to replenish its supply; (3) Taxpayer kept track of the removals and made payments accordingly; (4) Taxpayer never corrected its books as to the excess inventory; and (5) Taxpayer eventually removed and paid for all of the fluorspar, including the "extra." Furthermore, Taxpayer did not file a Form 103–N indicating property that was in its control but owned by someone else.[3] Considering that Taxpayer failed to establish its nonliability for the tax and that substantial evidence supported the Board's determination, the determination stands. *See Bd. of Tax Com'rs v. Jewell Grain Co.* (1990), Ind., 556 N.E.2d 920.

■ At the consolidated trial, Taxpayer presented affidavits and letters showing that Cy's Dock had ceased operating in the fall of 1983. However, all of the documents were dated after October 1, 1985. As the Board notes, a court may only review evidence which was presented to the Board at the administrative hearing. *Don Medow Motors v. Bd. of Tax Com'rs* (1989), Ind.Tax, 545 N.E.2d 851, 852.

■ Taxpayer also contends the trial court erred in adopting the Board's proposed findings of fact and conclusions of law without making any changes. In *Ind. Tri–City Plaza Bowl v. Estate of Glueck* (1981), Ind.App., 422 N.E.2d 670, 674, this Court made the following observation as to a trial court's verbatim adoption of proposed findings of fact and conclusions of law:

> "When the trial judge signs the findings of fact and conclusions of law, they become the court's findings of fact and conclusions of law. [Citations omitted]. The court is responsible for their correctness. [Citation omitted]. These findings of fact and conclusions of law are not weakened because they were adopted verbatim. [Citation omitted]. If the pro-

posed findings of fact and conclusions of law did not state the facts as the trial court found them to be, it would not have adopted them as its own. TR. 52(C) encourages the trial court to request the parties to submit proposed findings of fact and conclusions of law. These findings will not be set aside unless clearly erroneous. TR. 52(A), AP. 15(N)."

As previously discussed, the findings were not clearly erroneous; therefore, the judgment of the trial court is affirmed.

Affirmed.

STATON and BAKER, JJ., concur.

---

**3.** On page 20 of its brief, Taxpayer claims it had no way of knowing the identity of the true owner of the fluorspar; however, at various points throughout its brief, Taxpayer attempts to place liability on North American Minerals, General Mining, and Cy's Dock.